UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mason Wollersheim,<br><br>　　　Plaintiff<br>v.<br><br>Francis T. Ngyuen,<br><br>　　　Defendant | Case No.: 2:24-cv-00432-JAD-EJY<br><br>**Order Denying Motion for Emergency Injunction and Dismissing Complaint with Leave to Amend**<br><br>[ECF Nos. 1, 10] |

　　Pro se plaintiff Mason Wollersheim brings this *Bivens* action against Special Agent Francis T. Ngyuen for violating his constitutional rights in scores of pages worth of ways. Wollersheim's complaint is difficult to parse, but it appears that he is primarily concerned with actions that Ngyuen and his "conspirators" took while investigating Wollersheim for unspecified crimes. Wollersheim also moves for an "emergency injunction" for "immediate PCS assignment with fully paid . . . move by the US Army for household goods/vehicles to Nellis Air Force Base in Las Vegas, Nevada, under a completely new and separate command."[1] Because Wollersheim's request for injunctive relief stems from facts separate from those alleged in the complaint, I deny it. And because Wollersheim's complaint suffers from obvious deficiencies that prevent the court and the defendant from understanding his claims, I dismiss his complaint with leave to amend.

---

[1] ECF No. 10.

**Discussion**

**A.     Wollersheim's request for injunctive relief is denied.**

"A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."[2]  For a court to issue injunctive relief, there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."[3]  In short, the injunction sought must be directly related to a plausible claim.

Wollersheim's complaint names Francis Ngyuen as the only defendant and alleges that Ngyuen and his conspirators entered Wollersheim's property without a warrant, illegally wiretapped his phone, falsified federal documents, and discriminated against him because of his wife's nationality in the course of their investigation into Wollersheim.  But his motion for an emergency injunction focuses on the actions of "Major Richard Garcia" and alleges new constitutional claims (based on new facts) against Garcia and other "co-conspirators."  Because Wollersheim's injunction request is based on new assertions of misconduct by non-parties, I must deny Wollersheim's motion.

**B.     Wollersheim's complaint is dismissed with leave to amend.**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[4]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a

---

[2] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).
[3] *Id.* at 636.
[4] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

claim to relief that is plausible on its face."[5]  Courts may sua sponte dismiss a complaint for failure to satisfy Rule 8 if a complaint is so confusing that its "true substance, if any, is well disguised."[6]

Wollersheim's 168-page complaint does not meet Rule 8's criteria.  While he separates the complaint into headings for various alleged violations, the facts he includes under those headings don't always map to the legal violation he's identified and his factual allegations are full of redundancy.  He wastes inordinate amounts of space summarizing caselaw that he believes is relevant to his claims at the expense of clearly describing the factual bases for them.  He also ascribes every action to "defendant and coconspirators" (of which he lists at least 28) without explaining which individuals are responsible for which act.  Upon reviewing the complaint in its entirety, I conclude that it does not contain a short and plain statement of the alleged transgressions that Wollersheim hopes to correct, as Rule 8 requires.  I thus sua sponte dismiss his complaint with leave to amend to give Wollersheim a chance to file a shorter, less redundant, and less complicated amended complaint.

If Wollersheim chooses to file an amended complaint, he is cautioned that an amended complaint supersedes the original complaint, so the amended complaint must be complete in itself.  Wollersheim's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.  In each count, he must allege true facts sufficient to show what each defendant did to violate his rights; he may not allege a series of facts generally against "defendant and coconspirators."  He should not include legal authority

---

[5] *Twombly*, 550 U.S. at 570.

[6] *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (cleaned up).

3

to support his claims and should instead focus on the factual circumstances that he alleges violated his rights.

**Conclusion**

IT IS THEREFORE ORDERED that Mason Wollersheim's motion for an emergency injunction **[ECF No. 10] is DENIED**.

IT IS FURTHER ORDERED that Wollersheim's complaint is **DISMISSED with leave to amend**. If Wollersheim wishes to pursue this case, he must file an amended complaint in compliance with this order by **April 25, 2024**. **Failure to do so may result in the dismissal of this case with prejudice**.

_____
U.S. District Judge Jennifer A. Dorsey
March 26, 2024