UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MASON WOLLERSHEIM,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCIS T. NGYUEN; LEONARD F. REINHART; CHRISTIAN L. CLARK; SAMUEL HUKILL; LUCAS ROSENGREN; LAKESHA LYLES; DAVID COLLIER; GARY FORD; CHRISTINA MALONE; JAMES CHUN; HEDI JEAN RUIZ; JAKE XIONG; DANIEL JINDRICH; and DAVID HANNA,<br><br>    Defendants. | Case No. 2:24-cv-00432-JAD-EJY<br><br>**ORDER** |

On August 19, 2024, the Court entered an Order granting Plaintiff through and including September 19, 2024 to serve Defendants Clark, Collier, Ford, Malone, and Ruiz in the above captioned matter. ECF No. 24. The Order also instructed the U.S. Attorney's Office to explain whether Defendants Hukill, Rosengren and Xiong were represented by the U.S. Attorney's Office along with other "Army Defendants." On August 26, 2024, the Court received a response to its August 19th Order from the U.S. Attorney. ECF No. 25. Two Defendants, Clark and Ruiz, are not members of the U.S. Army and, therefore, must be served by Plaintiff. *Id*. Plaintiff was given the opportunity to accomplish such service and, thus, no further order is required with respect to these two Defendants. ECF No. 24. With respect to Hukill, Rosengren, Collier, Ford, Malone, and Xiong, it appears they are members of the U.S. Army, but have not been personally served. The U.S. Attorney explains "that the Army … [is] in the process of requesting representation[] under 28 C.F.R. § 50.15 from the applicable section of the Department of Justice." ECF No. 25 at 3. What is not clear is whether these individuals must be personally served or whether the Department of Justice will accept service on behalf of these individuals once representation is confirmed.

Separate from the above, the Government seeks a sixty (60) day extension of time to file a responsive pleading to Plaintiff's Amended Complaint on behalf of Defendants Nguyen, Reinhart,

1

Lyles, Chun, Jindrich, and Hanna. ECF No. 23, to which Plaintiff responded at ECF No. 26 and Defendants replied at ECF No. 27. The Court grants the sixty (60) day extension as good cause for the extension is established. Not only are Plaintiff's claims against the Defendants intertwined leading to the efficiency of a collective responsive pleading that may be filed on behalf all members of the U.S. Army, but representation of the Army Defendants is in flux through no fault of their own. The Court further finds Plaintiff demonstrates no prejudice that will arise from the extension.

Accordingly, IT IS HEREBY ORDERED that the Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (ECF No. 23) is GRANTED. The due date for Defendants Nguyen, Reinhart, Lyles, Chun, Jindrich, and Hanna is **October 16, 2024**.

IT IS FURTHER ORDERED that the U.S. Attorney **must** clarify, no later than **September 6, 2024**, whether the Court should require Plaintiff to continue to attempt personal and individual service on Defendants Hukill, Rosengren, Collier, Ford, Malone, and Xiong or whether, upon confirmation of representation by the Department of Justice, service may be accepted on behalf of these individual Defendants. While the Court appreciates personal service may be an option, the U.S. Attorney recognizes that "the waiver [of service] provision is applicable to … individual defendants …." ECF No. 25 at 4.

Dated this 27th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE